## SIDMONDS v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. March 7, 1902.)

1. NEW TRIAL—DISCRETION OF TRIAL COURT—REVIEW.

Where the appellate court is called upon to exercise its discretion in reviewing the exercise of the trial court's discretion in granting a new trial, the fact that the trial court had the witnesses before it should have considerable weight in support of its decision, but it is not controlling upon the appellate court.

2. ACTION FOR INJURIES—EXCESSIVE DAMAGES.

The uncontradicted evidence of plaintiff showed that when she was injured she was a self-supporting washerwoman, 63 years old, a widow, in vigorous health, and earning for the support of herself and an unmarried, sick, and dependent daughter from $8 to $11 a week, and that as the result of her injuries she had become bent and decrepit, in constant pain, and an apparent charge for life upon her married daughter. *Held*, that a verdict for $1,500 was not sufficiently excessive to show that the jury was swayed by passion, prejudice, or sympathy.

.. Goodrich, P. J., dissenting.

Appeal from trial term, Kings county.

Action for injuries by Mary E. Sidmonds against the Brooklyn Heights Railroad Company. Judgment in favor of plaintiff, and from an order granting defendant a new trial, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Henry Escher, Jr., for appellant.
I. R. Oeland, for respondent.

HIRSCHBERG, J. We are here called upon to review the exercise of an act of discretion vested in the trial court, but requiring upon appeal the additional exercise of the discretion vested in this court. We can only determine from the printed record whether or not the discretion under review has been wisely exercised. The fact that the trial court has seen the witnesses is a great advantage, which should have considerable weight in support of the decision appealed from, but that fact cannot be regarded as necessarily controlling. In this case, as the trial court was willing to allow the verdict to stand for $600, it must be assumed that the new trial was granted solely because the amount of the verdict was deemed excessive, and the inquiry need be directed only to that consideration. On the question of the extent of the injuries, the defendant swore no witness,—not even an expert,—voluntarily leaving the damages to rest on the evidence of the plaintiff and her witnesses. This uncontradicted evidence shows that the plaintiff, a self-supporting washerwoman, 63 years of age, a widow, in vigorous health, and earning for the support of herself and her unmarried, sick, and dependent daughter from $8 to $11 a week, has become, from the effects of the accident, permanently lame, bent, and decrepit, in constant pain, and an apparent charge for life upon her married daughter. It cannot be said that $1,500 is such excessive compensation for this affliction as to shock the conscience of the court, or to indicate that the jury was swayed by passion, prejudice, or sympathy. The learned trial justice charged the jury upon this subject with care and accuracy. He said:

"You have heard her testimony as to her age,—sixty-five,—and that this happened a year ago last November. Hence at that time she was a little less than sixty-four. You heard her testimony as to what she did, and what her earnings were. If you reach the question of damages, it will then be for you to determine what sum will fairly compensate her for her pain and suffering, her loss of earnings, and her loss of earning capacity. You heard the testimony of the physician as to the extent of these injuries. It will be for you to determine whether the injuries are permanent,—whether they are lasting. If they are, then you will take into consideration the future pain and sufferings, and the loss of earnings and earning capacity in the future, ever mindful that she has reached an age that does not insure her the same longevity that you would have in one younger than she is. * * * You are not to be influenced by prejudice, bias, or sympathy. The plaintiff comes here not asking for sympathy. She comes here asking for right. If you find it is her right, then give it to her."

The evidence shows that the jury did as directed. They found the injuries permanent, and concluded that $1,500 was only fair compensation for a woman, old, it is true, but lame and suffering, and forever deprived of the power of self-support in the laborious occupation of her life. If the learned trial justice had seen any indication in her appearance that the alleged condition was unreal, a different question would have been presented, but the case contains no such suggestion. Reviewing the order solely upon the story of the printed book, we cannot but feel that to require a second trial is void of justification. The order should therefore be reversed, and judgment directed to be en-

tered upon the verdict, with costs. All concur, except GOODRICH, P. J., who reads for affirmance.

GOODRICH, P. J. I dissent. The plaintiff recovered a verdict for $1,500 in an action for damages for a personal injury. The court at the trial granted a motion for a new trial unless the plaintiff stipulated to reduce the recovery to $600. The plaintiff refusing thus to stipulate, the court set aside the verdict and granted the motion for a new trial, and the plaintiff appeals from the order. I think it is evident from an examination of the evidence that the court (Mr. Justice MADDOX presiding) fairly exercised its discretion, and with such an exercise of discretion I am not inclined to interfere.